IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TERRY JON MARTIN,

Defendant.

Case No. 23-cr-00193

**PLEA AGREEMENT**

1.      Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America and Terry Jon Martin (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of North Dakota, acting under authority of 28 U.S.C. § 515. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

2.      **Charges.** The Defendant agrees to plead guilty to Count One, the sole count of the Indictment, which charges the Defendant with a violation of Title 18, United States Code, Section 668, Theft of Major Artwork. The Defendant fully understands the nature and elements of the crime with which he has been charged. In order to prove a violation of Title 18, United States Code, Section 668, the United States must prove beyond a reasonable doubt:



i.      Terry Jon Martin stole a pair of "ruby slippers" while they were in

the care, custody or control of the Judy Garland Museum in Grand Rapids,

Minnesota, on or about August 28, 2005;

ii.     The "ruby slippers" are an object of cultural heritage worth at least

$100,000; and

iii.    The Judy Garland Museum is an organized and permanent

institution, the activities of which affect interstate or foreign commerce,

that

      (A)     is situated in the United States;

      (B)     is established for an essentially educational or aesthetic

            purpose;

      (C)     has a professional staff; and

      (D)     owns, utilizes, and cares for tangible objects that are exhibited

            to the public on a regular schedule.

3.      **Factual Basis.** The Defendant is pleading guilty because he is in fact

guilty of Count One of the Indictment. In pleading guilty, the Defendant admits the

following facts and that those facts establish his guilt beyond a reasonable doubt and

constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about August 28, 2005, in the District of Minnesota, the Defendant stole an

authentic pair of "ruby slippers" worn by Judy Garland in the 1939 film, "The Wizard of

Oz." from the care, custody and control of the Judy Garland Museum in Grand Rapids,

Minnesota. The Judy Garland Museum is a museum as defined in Title 18, United States

2

Code, Section 668. The "ruby slippers" are, and were at the time of the violation, an object of cultural heritage worth more than $100,000.

An authentic pair of the ruby slippers were on temporary display at the Judy Garland museum in August 2005. The Judy Garland museum was established for the purpose of educating the public about Judy Garland's life. The museum included Judy Garland's restored birthplace home and it displays original memorabilia from the movie "Wizard of Oz." The museum attracts visitors in interstate commerce who pay a fee to access the museum, and it displayed the ruby slippers, which had travelled in interstate commerce to be displayed. The ruby slippers on display are known as the travelling pair, and the owner of that pair insured them for approximately $1,000,000.

The Defendant, who lived in the Grand Rapids area, initially believed the slippers were adorned with actual gemstones. The Defendant thought he could sell the gemstones if he stole the slippers. He visited the museum to view the ruby slippers on display and determine how difficult it would be to steal them. The Defendant spent a few minutes in the museum and observed the slippers were displayed under a clear plexiglass case.

The Defendant returned to the museum when it was closed during early morning hours of August 28, 2005. The Defendant brought a small sledge which he used to break a hole in the glass window of a door to enter the museum. He used the sledge to break the plexiglass enclosure containing the ruby slippers, took the slippers, and then the Defendant quickly exited the museum. The Defendant did not hear an alarm, but he took precautions to avoid any law enforcement that might respond to the museum.

3

The Defendant drove away from the museum, throwing the sledge out the window. The Defendant drove home, and he took the ruby slippers to a trailer on land adjacent to the Defendant's home. The Defendant stashed them in the trailer until he later transferred them to an acquaintance, who pointed out that the slippers did not have any gemstones.

The ruby slippers were recovered by the FBI on July 10, 2018, when individuals other than the Defendant attempted to collect an insurance reward for their return.

4.      **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of the plea agreement, and based upon concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file and pre-trial motions in his case. The Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

5.      **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does

4

so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

6. **Additional Consequences**. The Defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

7. **Statutory Penalties**. The parties agree that Count One, Theft of Major Artwork, carries statutory penalties of:

      a.     a maximum term of imprisonment of 10 years in prison;

      b.     a supervised release term of up to three years;

      c.     a fine of up to $250,000;

      d.     assessment to the Defendant of the costs of prosecution as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

      e.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

8. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any

revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.     **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

> a.     Base Offense Level. The parties agree that the base offense level for theft of major artwork is **8**. U.S.S.G. § 2B1.5(a).

> b.     Specific Offense Characteristics. The parties agree that the offense level should be increased by **14** levels because the loss ($1,000,000) is more than $550,000, but not more than $1,500,000. U.S.S.G. § 2B1.1(b)(1)(H). The parties further agree that the offense level should be increased by **2** levels because the offense was committed for pecuniary gain (U.S.S.G. § 2B1.5(b)(4)) and that no other specific offense adjustments apply.

> c.     Chapter 3 Adjustments. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

> d.     Acceptance of Responsibility. The government agrees to recommend that the Defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the

Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the Defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e.   Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category V. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.   Guidelines Range. If the adjusted offense level is **21 (8 + 14 + 2 − 3)**, and the criminal history category is **V**, the Sentencing Guidelines range is **70-87** months of imprisonment.

g.   Fine Range. If the adjusted offense level is **20**, the Sentencing Guidelines fine range is **$15,000** to **$150,000**. U.S.S.G. § 5E1.2(c)(3).

h.   Supervised Release. The Sentencing Guidelines call for a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2).

10.   **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable

7

Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties jointly recommend a downward departure based on U.S.S.G. § 5H1.4 due to the Defendant's extraordinary infirmity. The Defendant is 78 years old, and his physical infirmity is present to an unusual degree. The Defendant suffers from serious and advanced COPD, requires oxygen, and needs constant care. If incarcerated, the parties believe the medical condition of the Defendant would likely be considered an extraordinary and compelling reason justifying compassionate release under U.S.S.G. 1B1.13. Accordingly, the parties jointly recommend the Defendant be sentenced to time served.

12. **Special Assessment.** The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment is due and payable at the time of sentencing.

13. **Restitution Agreement.** The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The parties are not aware of any requests for restitution as of the date of this agreement.

14. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not

limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range of imprisonment. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence.

15.   **FOIA Requests**.   The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.   **Complete Agreement**.   The Defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney.   The Defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement.   This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: 9/28/2023

By: MATTHEW D. GREENLEY
Assistant United States Attorney
Acting Under Authority of 28 U.S.C. § 515

Dated: 9/28/23

TERRY JON MARTIN
Defendant

Dated: 9/28/23

DANE DEKREY
Attorney for Defendant

10